NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1056
_____

UNITED STATES OF AMERICA

v.

DAWAN OLIVER, a/k/a Thug, a/k/a Finesse

Dawan Oliver, Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-05-cr-00443-005)
District Judge:  The Honorable Yvette Kane
_____

ARGUED APRIL 27, 2011

BEFORE:  BARRY, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed:  June 29, 2011)

Kyle W. Rude, Esq. (Argued)
Schemery Zicolello
333 Market Street
Williamsport, PA  17701
        Counsel for Appellant

Daryl F. Bloom, Esq.
James T. Clancy, Esq.
Gordon A.D. Zubrod, Esq. (Argued)
Office of the United States Attorney
228 Walnut Street, PO Box 11754
220 Federal Building and Courthouse

Harrisburg, PA  17108
                   Counsel for Appellee

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Dawan Oliver pleaded guilty to a conspiracy to transport individuals to engage in prostitution, coercing and enticing individuals to travel in interstate commerce for prostitution, and interstate travel with intent to distribute proceeds of prostitution, in violation of 18 U.S.C. §§ 371, 2421, 2422(a) and 1952(a).  He also pleaded guilty to a separate count of interstate transportation for purposes of prostitution, in violation of 18 U.S.C. § 1952(a)(3) and (2).  The District Court sentenced Oliver to 108 months of imprisonment, three years of supervised release, a fine of $1,000 on Count 1, and an assessment of $100 on each count.

Quoting Oliver's brief, he raises the following issues on appeal.

> I.  Whether the cross-reference to section 2A3.1 of the advisory guidelines applies because (1) no sufficient evidence exists that Mr. Oliver caused by use of force a minor to engage in prostitution and (2) no sufficient evidence exists indicating that the actions of other co-defendants were foreseeable to Mr. Oliver.
>
> II. Whether Section 2G1.3 of the advisory guidelines applies because any acts involving the use of juveniles by others cannot be attributed to Mr. Oliver under the relevant conduct standards of section 1B1.3 in that such acts were not foreseeable to Mr. Oliver as part of the conspiracy.
> III.  Whether the District Court erred in increasing appellant's sentence by two levels for vulnerable victims and by another

two levels for the number of victims and inaccurately applied section 3A1.1(b) of the Advisory Guidelines.

IV. Whether District Court's [sic] erred by increasing appellant's sentence by four levels for his role in the offense under section 3B1.1(a) of the advisory guidelines by incorrectly designatingvictims [sic] as participants.

Appellant's Brief, p. 2.

Oliver avers that the starting point for the calculation of his sentence should be U.S. Sentencing Guidelines Manual § 2G1.1 (2007), rather than section 2G1.3. He also maintains that the cross-reference to section 2A3.1 is inappropriate because he was not convicted under 18 U.S.C. §§ 2421 or 2422 and the evidence does not support a conclusion that he personally prostituted minors. Oliver concedes that section 2G1.3 is applicable to him if the acts of others in the conspiracy are attributable to him under section 1B1.3. He asserts, however, that co-conspirator conduct was not foreseeable to him.

Evidence was before the District Court that Oliver prostituted a fourteen year-old girl. Oliver also participated in an effort to prevent a victim, who was a minor, from testifying against a fellow pimp. Moreover, co-conspirators prostituted minors between the ages of twelve and sixteen. While he claims to have been different from other pimps because he used tactics that were not forceful or threatening, the environment of fear and manipulation created and sustained by the conspirators for the purpose of continuing the prostitution of their victims was pervasive in this operation and is attributable to Oliver. All of this evidence is fatal to his argument concerning the District Court's use of section 2G1.3 and the inapplicability of the cross-reference. The District Court did not err.

3

We also easily dispose of Oliver's challenge to the enhancement for vulnerable victims, under section 3A1.1(b)(1). The conspiracy to which Oliver pleaded guilty recruited new victims for prostitution by targeting and manipulating victims like a twelve year-old girl, a minor who had a cognitive impairment, and numerous juveniles from troubled personal and familial circumstances. These conditions were not incidental to the victimization. The District Court properly applied the enhancement.

Finally, Oliver complains that, in light of the District Court's finding that he was not a leader among his co-conspirators, the District Court's application of the leader/organizer enhancement, pursuant to section 3B1.1(a), is error. Yet, Oliver's guilty plea subjected him to a statutory maximum of 120 months, well below the Guidelines range of life imprisonment that would have been applicable without the plea agreement. Moreover, the District Court ultimately sentenced him to 108 months of imprisonment, after taking into account 18 U.S.C. § 3553(a) factors. For these reasons, we need not reach the merits of his claim since, even if application of the four-point enhancement was error, it was harmless because his sentence was dictated not by an erroneous Guidelines calculation, but rather by the statutory maximum. *See United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008).[1] Although the harmless error doctrine in the sentencing context is quite narrow, the record here is "unambiguous that the miscalculation of the range had no effect." *Id.* at 217.

---

[1] Oliver also appeals the use of the enhancement for a large number of vulnerable victims (section 3A1.1(b)(2)), but the record does not indicate that the District Court applied this enhancement to his sentence. Moreover, as with the leader/organizer enhancement, even if it had been applied in error, it would have been harmless. *See Langford*, 516 F.3d at 215.

For all of these reasons, we will affirm the judgment of sentence of the District

Court.